ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
PAIGE L. MAGASTER, ESQ.
Nevada Bar No. 15557
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email:  ariel.stern@akerman.com
Email:  natalie.winslow@akerman.com
Email:  paige.magaster@akerman.com

*Attorneys for NewRez LLC d/b/a
Shellpoint Mortgage Servicing*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY PARSONS; VICKI PARSONS; KEVIN STEWART; ANDREW STEWART; MELISSA PEHRSON; DANIEL STEWART, individually, as Representative of THE ESTATE OF DALE J. STEWART, and as Trustee of the DALE STEWART IRREVOCABLE MEMORIAL TRUST; KAMERIN TANGERO, as Representative of THE ESTATE OF DALE J. STEWART; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-01544-APG-BNW<br><br>**STIPULATED PROTECTIVE ORDER** |

Subject to the approval of the court, Kelly Parsons, Kevin Stewart, Andrew Stewart, Melissa Pehrson, Daniel Stewart, individually, as representative of the Estate of Dale J. Stewart, and as Trustee of the Dale Stewart Irrevocable Memorial Trust, and Kamerin Tangaro, erroneously named as Kamerin Tangero, as representative of the Estate of Dale J. Stewart (**Defendants**) and NewRez

LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**), by and through their attorneys of record, stipulate to the following protective order:

To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, adequately protect material claimed to be confidential, and ensure protection is afforded only to material so designated, it is, pursuant to the court's authority under Rule 26(c) of the Federal Rules of Civil Procedure, **ORDERED** this protective order shall govern the disclosure, handling and disposition of documents in this litigation as follows:

1. **Application**.

    1.1   This protective order shall govern any document, information or other material that is designated as containing "Confidential Information" as defined herein, and is produced in connection with this litigation by any person or entity ("producing party"), whether in response to a discovery request, subpoena or otherwise, to any other person or entity ("receiving party") regardless of whether the person or entity producing or receiving such information is a party to this litigation.

    1.2   The party who asserts that particular information should be treated as Confidential Information under this protective order has the burden of proof to establish that the information or document is entitled to such protection.

2. **Definitions**.

    2.1   Confidential Information.  "Confidential Information" shall mean and include, without limitation, any non-public information that concerns or relates to the following areas: confidential proprietary information, trade secrets, practices and procedures, personal financial information, commercial, financial, pricing, budgeting, and/or accounting information, information about existing and potential customers, marketing studies, performance projections, business strategies, decisions and/or negotiations, personnel and attorney compensation, evaluations and other employment information, and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the parties to this action have or have had business relationships.

    2.2   Documents.  As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs,

electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Federal Rules of Civil Procedure.

  3. **Initial Designation**.

    3.1 Good Faith Claims. Claims of confidentiality will be made only with respect to documents, other tangible things and information that the asserting party has a good faith belief are within the definition set forth in subparagraph 2.1 of this protective order. Objections to such claims made pursuant to paragraph 5, below, shall also be made only in good faith.

    3.2 Produced Documents. A party producing documents that it believes constitute or contain Confidential Information shall state that the material is being produced under this protective order by describing the documents or materials to be treated as confidential in writing, by page or bates number wherever possible and/or shall produce copies bearing a label that contains or includes language substantially identical to the following:

**CONFIDENTIAL**

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. If any person or party makes copies of documents designated as containing Confidential Information, the copying person or party shall mark each such copy as containing Confidential Information in the same form as the confidentiality notice on the original document.

A party producing documents that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVD's, video tapes and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Confidential Information, by affixing a label or stamp to the data storage device in the manner described above at the time copies of such data storage devices are produced. If the receiving party or other persons or entities to whom disclosure is authorized pursuant to subparagraph 7.1 make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each such copy as containing Confidential Information in the same form as the confidentiality notice on the original data storage device produced. If the receiving party or other authorized person prints out or otherwise makes copies of the documents or information stored on

1  such data storage device, the receiving party or other authorized person shall mark each page so copied with the label or stamp specified in subparagraph 3.2.

3.3    Interrogatory Answers. If a party answering an interrogatory or other discovery demand believes that its answer contains Confidential Information, it shall state so in the interrogatory response, and that portion of the response will be entitled to the protections of this order.

3.4    Inspection of Documents. In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of Confidential Information needs to be made in advance of the inspection. For purposes of such inspection, all material produced shall be considered as Confidential Information. If the inspecting party selects specified documents to be copied, the producing party shall designate Confidential Information in accordance with subparagraph 3.2 at the time the copies are produced.

3.5    Deposition Transcripts. The party asserting confidentiality shall state on the record the portions it deems confidential.  The failure to designate testimony on the record as confidential shall be a waiver unless the designating party notifies all other parties and files a motion to designate the testimony as confidential within five (5) days of the notification.

3.6    Inadvertent Failure to Designate.  Inadvertent failure to identify documents or things as "Confidential" pursuant to this protective order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied.  If the designating party discovers that information should have but was not designated "Confidential" or of the designating party receives notice that would enable the designated party to learn that it has disclosed such information, the designating party must immediately notify all other parties.  In such event, within thirty (30) days of notifying all other parties, the designating parties must also provide copies of the information designated "Confidential" in accordance with this protective order.  After receipt of such re-designated information, the "Confidential" information shall be treated as required by this protective order, and the receiving party(ies) shall promptly, and in no event more than fourteen (14) calendar days from the receipt of the re-designated information, return to the designated party all previously produced copies of the same unlegended documents or things.  The designating party and the parties may agree to alternative means.  The receiving party(ies) shall receive no

liability, under this Protective Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the receiving party was placed on notice of the designating party's claims of confidentiality.

4. **Designations by Another Party**.

4.1 Notification of Designation. If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as Confidential Information by so notifying all parties in writing within fourteen (14) days of service of the document.

4.2 Return of Documents; Non-disclosure. Whenever a party other than the producing party designates a document produced by a producing party as Confidential Information in accordance with subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation in accordance with subparagraph 3.2 or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party. No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information under subparagraph 7.1, until after the expiration of the fourteen (14) day designation period specified in subparagraph 4.1. If during the fourteen (14) day designation period a party discloses a produced document to a person authorized to receive Confidential Information under subparagraph 7.1, and that document is subsequently designated as Confidential Information in accordance with subparagraph 4.1, the disclosing party shall cause all copies of the document to be destroyed or returned to the producing party, at the direction of the producing party. The party may thereafter disclose a copy of the document that has been marked as Confidential Information by the designating party, in accordance with subparagraphs 3.2 and 7.1.

5. **Objections to Designations**. Any party objecting to a designation of Confidential Information, including objections to portions of designations of multi-page documents, shall notify the designating party and all other parties of the objection in writing up to and through trial of the matter. This notice must specifically identify each document that the objecting party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for

5

such belief.  In accordance with the Federal Rules of Civil Procedure governing discovery disputes, the objecting and the designating parties thereafter shall confer within ten (10) days after the date of such objection in an attempt to resolve their differences. If the parties are unable to resolve their differences, the objecting party shall have twenty one (21) days after the conference concludes to file with the court a motion to remove the Confidential Information.  If an objection is served within forty-two (42) days of trial, the objecting party must file its motion to remove the Confidential Information designation within half of the remaining time before trial, and the meet-and-confer period shall be shortened accordingly. Where a party authored, created, owns, or controls a document, information or other material that another party designates as Confidential Information, the party that authored, created, owns, or controls the Confidential Information may so inform the objecting party and thereafter shall also be considered a designating party for purposes of this paragraph.

All documents, information and other materials initially designated as Confidential Information shall be treated as such in accordance with this protective order unless and until the court rules otherwise, except for deposition transcripts and exhibits initially considered as containing Confidential Information under subparagraph 3.5, which will lose their confidential status after twenty-one (21) days unless so designated as Confidential Information. If the court rules that a designation should not be maintained as to a particular document, the producing party shall, upon written request by a party, provide that party a copy of that document without the designation described in subparagraph 3.2.

If an objecting party elects not to make such a motion with respect to documents within twenty one (21) days after the conference, information or other materials to which an objection has been made, the objection shall be deemed withdrawn. The designating party shall have twenty-one (21) days to respond to the objecting party's motion.  If no response is filed by the designating party within twenty-one (21) days, the designating party shall be deemed to have consented to the objecting party's motion pursuant to LR 7-2(d).

6.  **Custody**. All Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

7. **<u>Handling Prior to Trial</u>**.

    7.1    Authorized Disclosures. Confidential Information shall be disclosed by the receiving party only to the following persons:

    a.    Counsel for the parties in this litigation, including their associates, clerks, paralegals, and secretarial personnel;

    b.    Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

    c.    Experts and their staff who are retained by counsel as expert witnesses for a party in this litigation;

    d.    Experts and their staff who are consulted by counsel for a party in this litigation;

    e.    Parties to this litigation, limited to the named party and, if that party is a corporate entity, a limited number of employees of the corporate entity and its insurers;

    f.    Designated in-house counsel and a limited number of assistants, administrative or otherwise;

    g.    Outside vendors employed by counsel for copying, scanning and general handling of documents;

    h.    Any person of whom testimony is taken regarding the Confidential Information, except that such person may only be shown Confidential Information during his/her testimony, and may not retain a copy of such Confidential Information; and

    i.    This court and this court's staff, subject to the court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

. . .

Confidential Information may not be disclosed to persons under subparagraphs (c) or (d) until the receiving party has obtained a written acknowledgment from the person receiving Confidential Information, in the form of the declaration attached hereto as **Exhibit A**, that the person has received a copy of this protective order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraph 7.1 shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information and identify what documents have been disclosed, and shall furnish the written acknowledgments and disclosure list to opposing counsel as follows: (i) for a person under subparagraph (c), within thirty (30) days after the person signs the declaration; and (ii) for a person under subparagraph (d), within thirty (30) days after the matter is finally concluded. Disclosure of Confidential Information to this court, including judicial staff, shall be made in accordance with subparagraph 7.4 of this protective order.

      7.2      Unauthorized Disclosures. All persons receiving Confidential Information under the terms of this protective order are under the jurisdiction of the state courts and federal courts located in Nevada for all matters arising from the improper disclosure or use of such information. If Confidential Information is disclosed to any person other than in the manner authorized by this protective order, the party or person responsible for the disclosure, and any other party or person who is subject to this protective order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain and return the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

      7.3      Court Filings. In the event any Confidential Information must be filed with the court prior to trial, the proposed filing shall be accompanied by a motion to file the Confidential Information under seal that complies with Local Rule 10-5(b) and a proposed order, and the application and proposed order shall be directed to the judge to whom the Confidential Information is directed. This provision is applicable to briefs, memoranda, and other filings which quote, summarize, or describe Confidential Information.

8. **Care in Storage**. Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of such information to ensure that the confidential and sensitive nature of same is maintained.

9. **Handling During Trial**. Confidential Information that is subject to this protective order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the court upon application by any party.

10. **No Implied Waivers**. This protective order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential Information in this litigation are doing so only pursuant to the terms of this protective order. The taking of any action in accordance with the provisions of this protective order shall not be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

11. **No Admission**. The designation of any item as Confidential Information shall not be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

12. **Inadvertent Disclosure**. Nothing in this protective order abridges applicable law concerning inadvertent disclosure of a document that the disclosing party believes contains attorney-client communications, attorney work product, or otherwise privileged information. If a party inadvertently discloses documents or information subject to a claim of privilege or work product protection, such disclosure will not waive otherwise applicable claims of privilege or work product protection under applicable law. Upon discovery by the receiving party, or receipt of written notice from the disclosing party identifying privileged or protected documents that were inadvertently produced, the receiving party shall within seven (7) business days either: (a) return or certify the destruction of all such documents, all copies, and any work product or portions of any work product containing or reflecting the contents of the subject materials; or (b) after attempting to resolve any dispute with opposing counsel informally, file a motion to challenge the assertion of privilege and tender the subject documents for *in camera* review with the motion. The moving party shall do

nothing to compromise the privilege claim until the court rules on said motion and the opportunity for appellate review is exhausted or the issue is otherwise resolved.

13. **Parties' Own Documents**. This protective order shall in no way restrict the parties in their use of their own documents and information, and nothing in this protective order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

14. **Motion by Third Party to Compel Production of Confidential Information**. If any third party subpoenas Confidential Information from a party to this action or moves to compel a party to this action to produce any such information, such party shall immediately notify the parties who originally produced and/or designated such information that a subpoena has been served or a motion has been made in order to allow the parties who originally produced and/or designated such information the opportunity to seek a protective order or oppose the motion or application. If, within thirty (30) days after receiving notice of a subpoena seeking Confidential Information from a receiving party, the party who originally produced and/or designated such information fails to move for a protective order, the party subject to the subpoena may produce said information. In addition, if a party is ordered to produce Confidential Information covered by this protective order, then notice and, if available, a copy of the order compelling disclosure shall immediately be given the parties who originally produced and/or designated such information. Nothing in this protective order shall be construed as requiring parties ordered to produce such Confidential Information to challenge or appeal any order requiring the production of such information or to subject themselves to any penalty for non-compliance with any legal process or seek any relief from the court.

15. **No Effect on Other Rights**. This protective order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

16. **Modification**. In the event any party seeks a court order to modify the terms of this protective order, or seeks a protective order which incorporates the terms and conditions of this protective order said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

. . .

1    17.    **Handling Upon Conclusion of Litigation**. All parties, counsel, and persons to whom disclosure was made agree to return all Confidential Information to the designating party within thirty (30) days of the conclusion of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review. In addition, counsel shall certify in writing that all such Confidential Information have been returned. Counsel for each party also shall contact each person to whom that party has provided a copy of any Confidential Information and request the documents be returned. In lieu of returning Confidential Information, the person or party in possession of such information may elect to destroy it. If the person or party in possession of Confidential Information elects to destroy it rather than return it, that person or party must notify the designating party in writing of the destruction of the information within ninety (90) days of the conclusion of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

11

18. **Survival of the Terms of this Protective Order**. Even after the termination of this litigation, the confidentiality obligations imposed by this protective order shall remain in effect until a designating party otherwise in writing or a court order otherwise directs.

DATED this 28th day of May, 2024.

| **AKERMAN, LLP**<br><br> /s/ Paige L. Magaster_____<br><br>ARIEL E. STERN, ESQ.<br>Nevada Bar No. 8276<br>NATALIE L. WINSLOW, ESQ.<br>Nevada Bar No. 12125<br>PAIGE L. MAGASTER, ESQ.<br>Nevada Bar No. 15557<br>1635 Village Center Circle, Suite 200<br>Las Vegas, NV 89134<br><br>*Attorneys for NewRez LLC d/b/a Shellpoint Mortgage Servicing* | **MAURICE WOOD**<br><br> /s/ Brittany Wood_____<br>AARON R. MAURICE, ESQ.<br>Nevada Bar No. 6412<br>BRITTANY WOOD, ESQ.<br>Nevada Bar No. 7562<br>8250 W. Charleston Blvd., Suite 100<br>Las Vegas, NV 89117<br><br>*Attorneys for Kevin Stewart, Andrew Stewart, Melissa Pehrson, Daniel Stewart, individually, as representative of the Estate of Dale J. Stewart, and as Trustee of the Dale Stewart Irrevocable Memorial Trust, and Kamerin Tangaro as representative of the Estate of Dale J. Stewart* |
|---|---|
| **WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**<br><br> /s/ Trevor Waite_____<br>TREVOR WAITE, ESQ.<br>Nevada Bar No. 13779<br>3773 Howard Hughes Parkway, Suite 590<br>Las Vegas, NV 89169<br><br>*Attorney For Kelly Parsons* | |

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: May 29, 2024

12

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, and read in its entirety and understand the protective order the United States District Court for the District of Nevada issued on _____, 2024, in the case of *Newrez LLC v. Parsons et al.,* Case No.: 2:23-cv-01544-APG-BNW.  I agree to comply with and be bound by all terms of this protective order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this protective order to any person or entity except in strict compliance with this protective order.  Further, I solemnly promise that I will not offer to sell, advertise or publicize that I have obtained any protected material subject to this protective order.

At the conclusion of this matter, I will return all protected materials which came into my possession or control to counsel for the party from whom I received the protected material, or I will destroy those materials.  I understand that any confidential information contained within any summaries of protected material shall remain protected pursuant to the terms of this protective order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this protective order, even if such enforcement proceedings occur after termination of this action.

I certify under penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where signed: _____

Printed Name: _____

Address: _____

Signature: _____