**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>Plaintiff<br><br>v.<br><br>KELLY PARSONS, et al.,<br><br>Defendants | Case No.: 2:23-cv-01544-APG-DJA<br><br>**Order Granting Stewart Title Guarantee Company's Motion for Summary Judgment**<br><br>[ECF No. 91] |

This case arises from errors in a deed of trust (DOT) issued 25 years ago and confusion about whether the loan secured by the DOT was paid off. When describing the property it encumbers, the DOT lists the address of one property and the legal description of another. Defendant Kelly Parsons was the original trustor of the DOT. He filed a third-party complaint against Stewart Title Guarantee Company (STGC), which he alleges prepared the DOT and handled the escrow funds that were supposed to pay off the loan. STGC moves for summary judgment on all of Parsons' claims against it, arguing that Parsons has failed to produce evidence showing STGC prepared the DOT and handled the escrow funds. Parsons failed to respond. Because Parsons has failed to show a genuine issue of material fact, I grant STGC summary judgment.

## I. FACTUAL BACKGROUND

Kelly Parsons bought property in West Wendover, Nevada with an APN of 010-740-021 and that was split into two parcels, titled Parcel 1 and Parcel 2. ECF Nos. 91-1; 91-2; 91-7 at 18. The parties in this action agree that Parcel 2 is located at 988 Parkway Dr. (the "988 Parkway Property"). ECF Nos. 7 at 1, 3; 7-1 at 4; 53 at 2-3; 91 at 2; 92 at 3.

In 2001, Parsons received two loans secured by two DOTs, but both DOTs had similar issues. The first DOT was for a loan of $128,000, but it is unclear what property it encumbers. It includes the APN of the joint property (APN 010-740-021), the address of Parcel 2 at 988 Parkway Dr., and the legal description of Parcel 1. ECF No. 91-4 at 2-4, 17, 21. The second DOT was for a $100,000 loan and includes APN of the joint property, the address of Parcel 1, and the legal description of Parcel 2. ECF No. 91-6 at 2-4, 17, 21. Both DOTs stated that Stewart Title of Northeastern Nevada was the trustee. ECF Nos. 91-4 at 3; 91-6 at 3. The $128,000 DOT and the 988 Parkway Property[1] are at issue in this case. STGC issued title insurance to the lender on the $128,000 loan. ECF No. 91-7.

In 2003, Parsons sold the 988 Parkway Property to Dale and Sheila Stewart. ECF No. 91-8. Later, the $128,000 DOT went through several assignments. ECF Nos. 91-11; 91-14; 91-18. Eventually, plaintiff Shellpoint was assigned the $128,000 DOT. ECF No. 91-19. It alleges that the $128,000 DOT encumbers the 988 Parkway Property and that the accompanying loan was not paid off. ECF No. 7. It sued Parsons, the Stewarts' children, and the representatives of Dale Stewart's estate (the Estate Defendants). *Id.* The Estate Defendants filed crossclaims against Parsons. ECF No. 23 at 16-19.

Parsons has filed a third-party complaint against STGC. He alleges that STGC prepared the DOT and made the errors that caused it to be recorded against the incorrect property. ECF No. 53 at 3. He also alleges that STGC provided escrow services when Parsons sold the property to the Stewarts, received the escrow proceeds from the sale, and subsequently failed to use the escrow proceeds to satisfy the $128,000 loan. *Id.* He brings three claims against STGC. First, he

[1] The 988 Parkway Property has an APN of 010-740-108, different from the joint property's APN. *See, e.g.,* ECF No. 91-8 at 2.

alleges breach of contract because STGC failed to properly perform escrow services regarding the sale of the property. Second, he raises a contractual and equitable indemnity claim and alleges that STGC should be held liable for the Estate Defendants' crossclaims against Parsons due to STGC and Parsons' agreement. Finally, he alleges that STGC should be held liable in proportion to its own negligence and fault if judgment is entered against Parsons.

## II. DISCUSSION

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### A. STGC is entitled to summary judgment on all of Parsons' claims.

All of Parsons' claims against STGC are premised on the assertions that STGC prepared the loan documents containing the error and that STGC performed escrow services for Parsons'

sale of the 988 Parkway Property to the Stewarts. If STGC was not responsible for handling the escrow funds from the sale, then it is not at fault if the funds were not used to pay off the $128,000 loan. And if it did not prepare the loan documents, then it did not make the mistake regarding the property description in the DOT that contributed to the claims and crossclaims against Parsons.

STGC moves for summary judgment because it did not prepare the loan documents or perform escrow services related to the sale and Parsons has no evidence to contradict that. STGC's Rule 30(b)(6) witness testified that STGC did not prepare the $128,000 DOT, did not provide escrow services in relation to the sale of the property from Parsons to the Stewarts, did not receive escrow proceeds from that sale, and was not responsible for handling those escrow proceeds. ECF No. 91-9 at 3-4. He testified that STGC only insured the $128,000 DOT after the DOT was issued. *Id.* at 3.

By pointing to a lack of evidence supporting Parsons' claims, STGC has met its initial burden to show it is entitled to summary judgment. *See Celotex Corp.*, 477 U.S. at 322 (stating that when a defendant moves for summary judgment based on a claim for which the plaintiff bears the burden of proof, the defendant need only point to the plaintiff's failure "to make a showing sufficient to establish the existence of an element essential to [the plaintiff's] case"). Because Parsons did not respond to STGC's motion, he has not met his burden to point to evidence raising a genuine dispute of material fact on his claims. I therefore grant summary judgment to STGC. STGC is entitled to judgment on all claims Parsons asserted against it. Judgment will be entered when all other claims in this action have been resolved, absent a motion under Rule 54(b).

/ / / /

**B. Shellpoint does not have standing to oppose STGC's motion.**

Shellpoint filed a limited opposition to STGC's motion to the extent that this order may impact Shellpoint's claims against Parsons or the Estate Defendants. But Shellpoint has no standing to represent Parsons in opposing STGC's motion. Shellpoint could have sued STGC when filing its complaint but did not. Additionally, my ruling in this order should not impact Shellpoint's remaining claims against Parsons and the Estate Defendants in this action. So I do not consider Shellpoint's opposition.

## III. CONCLUSION

I THEREFORE ORDER that third-party defendant Stewart Title Guarantee Company's motion for summary judgment **(ECF No. 91) is GRANTED**. Judgment will be entered in favor of Stewart Title Guarantee Company at the conclusion of this case.

DATED this 26th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE