SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
NICHOLAS E. BELAY, ESQ.
Nevada Bar No. 15175
**AKERMAN LLP**
1180 N. Town Center Dr., Suite 290
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: scott.lachman@akerman.com
Email: nicholas.belay@akerman.com

*Attorneys for NewRez LLC dba Shellpoint Mortgage Servicing*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,

Plaintiff,

vs.

KELLY PARSONS; VICKI PARSONS; KEVIN STEWART; ANDREW STEWART; MELISSA PEHRSON; DANIEL STEWART, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF DALE J. STEWART, AND AS TRUSTEE OF THE DALE STEWART IRREVOCABLE MEMORIAL TRUST; KAMERIN TANGERO, AS REPRESENTATIVE OF THE ESTATE OF DALE J. STEWART; DOE INDIVIDUALS I-X, INCLUSIVE, AND ROE CORPORATIONS I-X, INCLUSIVE,

Defendants.

---

DANIEL STEWART and KAMERIN TANGARO, as Co-Representatives of THE ESTATE OF DALE J. STEWART,

Cross-Plaintiffs,

vs.

KELLY PARSONS,

Cross-Defendant.

Case No.: 2:23-cv-01544-APG-DJA

**STIPULATION AND ORDER TO DISMISS SHELLPOINT'S UNJUST ENRICHMENT CLAIM AND EQUITABLE LIEN CLAIM AS TO ITS TAX THEORY ONLY**

| |
|---|
| KELLY PARSONS,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>STEWART TITLE GUARANTY COMPANY; DOE INDIVIDUALS 1-X, inclusive, and ROE CORPORATIONS 1-X, inclusive,<br><br>Third-Party Defendants. |

Defendants Kevin Stewart, Andrew Stewart, Melissa Pehrson, Daniel Stewart, individually, as Representative of the Estate of Dale J. Stewart, and as Trustee of the Dale Stewart Irrevocable Memorial Trust, and Kamerin Tangaro, as Representative of the Estate of Dale J. Stewart (collectively, **Estate Defendants)** and plaintiff NewRez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**), by and through their counsel of record, stipulate and agree as follows:

1. On October 19, 2023, Shellpoint filed its amended complaint setting forth claims for: (1) quiet title/declaratory relief; (2) reformation; (3) unjust enrichment; and (4) equitable lien, in the alternative. ECF No. 7. Shellpoint's equitable lien claim related to both the loan amount and property taxes paid in relation to the subject property. *Id.*

2. On September 17, 2025, the Estate Defendants moved for summary judgment against Shellpoint as to each of its claims. ECF No. 92.

3. On August 25, 2026, the Court entered an order granting in part the Estate Defendants' motion for summary judgment, finding in favor of the Estate Defendants on Shellpoint's claims for quiet title/declaratory relief and reformation. ECF No. 110. The Court held that: (1) the doctrine of laches bars Shellpoint's quiet title/declaratory relief claim, as well as its ability to receive an equitable lien for the loan amount; and (2) Shellpoint's reformation claim was time-barred under a three-year limitations period. The Court ordered supplemental briefing as to the timeliness of Shellpoint's unjust enrichment claim and its equitable lien claim insofar as Shellpoint seeks to recover for property taxes paid in relation to the subject property.

4. The parties have since reached an agreement to resolve ***solely*** the outstanding claims at issue in the court-ordered supplemental briefing, which includes Shellpoint's claim for unjust enrichment and its claim for an equitable lien based on the amount it paid in property taxes. The





akerman

agreement does not include Shellpoint's claims for quiet title/declaratory relief and reformation, nor does it include Shellpoint's alternate theories under its equitable lien claim, including Shellpoint's theory that it is entitled to an equitable lien for the amount necessary to discharge the senior deed of trust or the outstanding principal balance. *See* ECF No. 7 at ¶¶ 57-67.

5. Accordingly, and based on the foregoing, the parties stipulate to dismiss Shellpoint's unjust enrichment claim with prejudice. The parties further stipulate to dismiss Shellpoint's equitable lien claim with prejudice ***solely*** as to its theory of recovery for real estate taxes paid in relation to the subject property.

6. It is the intention of the parties in resolving the remaining unjust enrichment claim and equitable lien claim (as to Shellpoint's tax theory) that the Court's August 25, 2026, order become final and appealable.

DATED October 30, 2026.

| | |
|---|---|
| **AKERMAN LLP**<br><br>*/s/ Nicholas E. Belay*<br>SCOTT R. LACHMAN, ESQ.<br>Nevada Bar No. 12016<br>NICHOLAS E. BELAY, ESQ.<br>Nevada Bar No. 15175<br>1180 N. Town Center Dr., Suite 290<br>Las Vegas, NV 89144<br><br>*Attorneys for NewRez LLC dba Shellpoint Mortgage Servicing* | **MAURICE WOOD**<br><br>*/s/ Brittany Wood*<br>BRITTANY WOOD, ESQ.<br>Nevada Bar No. 7562<br>AMANDA K. BAKER, ESQ.<br>Nevada Bar No. 15172<br>8250 West Charleston Blvd., Suite 100<br>Las Vegas, Nevada 89117<br><br>*Attorneys for Kevin Stewart, Andrew Stewart, Melissa Pehrson, Daniel Stewart, individually, as representative of the Estate of Dale J. Stewart, and as Trustee of the Dale Stewart Irrevocable Memorial Trust, and Kamerin Tangaro* |

**ORDER**

**IT IS SO ORDERED. The Court Clerk is directed to enter a final judgment.**



**UNITED STATES DISTRICT JUDGE**
Case No. 2:23-cv-01544-APG-BNW

DATED: November 2, 2026



\88765189;1}